IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-16212-LSS |
| | ) | (Chapter 11) |
| Exquisite Quarters, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Exquisite Quarters, LLC | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR RELIEF FROM STAY

Comes now WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to Section 362 of Title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves this Honorable Court for relief from the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay") to permit WCP to exercise remedies against the real property located at 19117 N. Kindly Court, Montgomery Village, Maryland 20886 (the "Property"), and in support thereof states as follows:

**I.   Introduction**

This is a consecutive Chapter 11 filing where Exquisite Quarters, LLC ("EQL" or the "Debtor") has now twice sought bankruptcy protection on the eve of its sole notable asset being foreclosed. The Property was without equity when the Debtor's first stay in bankruptcy concluded

1

and has been without equity at all times since, as WCP's claim simply grows further unsecured with no payments being made and EQL having no apparent means of reorganizing.

Nothing the Debtor can do herein will cause the Property to be sellable or susceptible to refinancing; this case is, at core, only an effort to frustrate a creditor's collection efforts and postpone an inevitable foreclosure. Such is not now, and was not during the Debtor's first case, a proper use of the bankruptcy process. And, more importantly, the wholesale lack of adequate protection is grounds upon which the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay") can and should be lifted.

### II. Standard

Title 11 of the United States Code (the "Bankruptcy Code") provides various grounds upon which a creditor may be afforded relief from the Automatic Stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . .

11 U.S.C. § 362(d).

### III. Relevant Facts

WCP offers the following assertions in connection with this motion, all of which are believed to be undisputed in nature:

(1) The debt owed to WCP is derivative of a promissory note that is attached to WCP's proof of claim. *See* Claims Register #3-1 Part 2.

(2) As of the filing of the Debtor's petition for relief, the debt was $414,385.26. *See* Claims Register #3-1 Part 6.

(3) The claim is secured by the Property. *Id.* at Part 3.

(4) The Debtor values the Property at $400,000.00. *See* Schedule A/B: Assets – Real and Personal Property, DE #15, at p. 4, § 55.

(5) The claim is accruing interest at the rate of $181.92 per day. *See* Claims Register #3-1 Part 6. With 78 days having now elapsed since the petition date, an additional $14,189.76 in interest has accrued, bringing WCP's total claim to $428,575.02.

(6) The Debtor has not made any post-petition payments on the debt to WCP.

(7) Since the loan matured prior to the petition date, the full amount was in arrears pre-petition. *Id.* at Part 2

**IV.     Argument: Cause Exists to Afford Relief from the Automatic Stay**

With WCP's claim exceeding the Debtor's own acknowledged valuation of the Property, and with no payments whatsoever having been made to WCP since the inception of this case, it is appropriate to afford relief from the Automatic Stay. Quite plainly, the Debtor has no equity in the Property and, as such, there is a facial absence of adequate protection as WCP's claim continues to accrue interest.

As noted by another bankruptcy court within the Fourth Circuit, "[c]ourts have previously held that a failure to make payments on a loan, 'coupled with a small or nonexistent equity cushion' was a basis for a finding of lack of adequate protection and therefore, cause to lift the stay." *In re Coffey*, 595 B.R. 501, 504 (Bankr. D. S.C. 2018) (quoting *In re Nattchase Assocs. Ltd. P'ship*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994); citing *In re James River Assocs.*, 148 B.R. 790, 797 (E.D. Va. 1992)).

Here, WCP has no equity cushion whatsoever. As evidenced by its claim and the Debtor's own valuation of the Property, the debt to WCP now exceeds the value of the Property. Moreover,

3

interest continues to accrue on this obligation, ensuring little more than that WCP's unsecured claim will swell to an even larger number before this case is concluded.

As such, it is respectfully suggested that with the Debtor having failed to reorganize once before, and showing no outward indicia of being able to do so a second time around, relief from the Automatic Stay is warranted. WCP afforded the Debtor appreciable time in the first case to propose a sensible plan and to show how the Property would support such a plan; the Debtor, unfortunately, has done nothing to show that time has been well spent, that any refinancing efforts have been undertaken, or that any sales efforts have been seriously explored.

### V. Conclusion

WHEREFORE, WCP Fund I LLC respectfully prays this Honorable Court (i) grant WCP Fund I LLC relief from the Automatic Stay so as to proceed with foreclosure of the Property; (ii) permit WCP Fund I LLC to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, so long as such proceeds not exceed the sum of the Debtor's obligation to WCP Fund I LLC; and (iii) grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 11, 2024      By:  /s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　Maurice B. VerStandig, Esq.
　　　　　　　　　　　　　　　　Bar No.: 18071
　　　　　　　　　　　　　　　　The VerStandig Law Firm, LLC
　　　　　　　　　　　　　　　　1452 W. Horizon Ridge Pkwy, #665
　　　　　　　　　　　　　　　　Henderson, Nevada 89012
　　　　　　　　　　　　　　　　Phone/Fax: (301) 444-4600
　　　　　　　　　　　　　　　　E-mail: mac@mbvesq.com
　　　　　　　　　　　　　　　　*Counsel for WCP Fund I LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of October, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Linda M. Dorney    ldorney@rosenblattlaw.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- Richard B. Rosenblatt    rrosenblatt@rosenblattlaw.com, ldorney@rosenblattlaw.com;sgonzalez@rosenblattlaw.com;wilbertrr41309@notify.bestcase.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY that on this 11th day of October, 2024, this motion is also being served via US Mail, postage prepaid, on all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.