**Fill in this information to identify the case:**

Debtor 1    Exquisite Quarters, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Maryland

Case number    24-16212

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes.  From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Maurice VerStandig <br> Name <br> 9812 Falls Road, #114-160 <br> Number    Street <br> Potomac            MD            20854 <br> City            State            ZIP Code <br><br> Contact phone  301-444-4600 <br> Contact email  mac@mbvesq.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ |
| | **Where should payments to the creditor be sent?** (if different) <br><br> Name <br> Number    Street <br> City            State            ZIP Code <br><br> Contact phone _____ <br> Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____        Filed on ____ / ____ / ____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7.** **How much is the claim?**     $_____ 414,385.26     **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges  required by Bankruptcy Rule 3001(c)(2)(A).

---

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9.** **Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**   Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**     $_____ 400,000.00

**Amount of the claim that is secured:**     $_____ 400,000.00

**Amount of the claim that is unsecured:**  $_____ 14,385.26  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____ 414,385.26

**Annual Interest Rate** (when case was filed) 24.00 %

☐ Fixed

☑ Variable

---

**10.** **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

---

**11.** **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

<table>
<tr><td rowspan="7"><strong>12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?</strong><br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.</td><td>☑ No</td><td></td></tr>
<tr><td>❑ Yes. <em>Check one:</em></td><td><strong>Amount entitled to priority</strong></td></tr>
<tr><td>❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).</td><td>$_____</td></tr>
<tr><td>❑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).</td><td>$_____</td></tr>
<tr><td>❑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).</td><td>$_____</td></tr>
<tr><td>❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).</td><td>$_____</td></tr>
<tr><td>❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).</td><td>$_____</td></tr>
</table>

❑ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/11/2024
                   MM / DD / YYYY

/s/ Maurice B. VerStandig
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Maurice        Belmont        VerStandig
            First name      Middle name    Last name

Title       Attorney

Company     The VerStandig Law Firm, LLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     9812 Falls Road, #114-160
            Number        Street
            Potomac                        MD        20854
            City                           State     ZIP Code

Contact phone   301-444-4600        Email   mac@mbvesq.com

---

THIS IS TO CERTIFY THAT THIS
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL HEREOF
BY *Kelly Pruitt*

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

Prepared by and return to:
Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

## COMMERCIAL DEED OF TRUST NOTE

**April 19, 2022**                                           **$272,880.00**

### IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1.      **BORROWER'S PROMISE TO PAY**

FOR VALUE RECEIVED, the undersigned, **Exquisite Quarters LLC**, a Maryland Limited Liability Company (the "Borrower"), promises to pay to the order of **WCP Fund 1 LLC**, a Delaware limited liability company, at 2815 Hartland Rd Suite 200, Falls Church, VA 22043, in its capacity as Agent (as hereinafter defined) under any co-lending agreement (together with its successors and assigns, the "Lender"), at such address and place, or at such other place or places as the Lender may from time to time designate in writing, the principal sum of **$272,880.00** (the "Loan Amount"), together with interest at the rate hereinafter provided, from the date of this Note (as set forth above) until paid. All amounts due under this Note are secured by a Deed of Trust of even date herewith ("Deed of Trust") on the real property referenced in the Deed of Trust ("Property"). Capitalized terms used in this Commercial Deed of Trust Note (this "Note") and not otherwise defined herein shall retain the meaning ascribed to such term in the Deed of Trust.

Borrower hereby assigns its right, title, and interest in and to all contracts and contract rights in connection with the Property. So long as no default or Event of Default exist under this Note or the related Deed of Trust, Lender grants a license to Borrower to use the contracts and contract rights to increase the value of the Property. However, upon a default or Event of Default under this Note or the related Deed of Trust, Borrower's license shall immediately and automatically be revoked. **[ASSIGNMENT OF CONTRACTS]**

Borrower expressly and specifically agrees that the entire original principal balance of this Note, or any part thereof, may be withheld from Borrower at the closing on the loan Amount memorialized by this Note and may be funded, if at all, in Lender's sole and absolute discretion. Borrower further expressly and specifically agrees that interest shall accrue on only the total amount of the original principal balance that is disbursed and

Rev 12.2015                                           Page 1 of **9**

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

released from Lender to Borrower, until repaid. If the loan Amount memorialized by this Note is not funded in whole or in part, so much of it as is unfunded shall be deemed repaid at the Maturity Date (defined below), applied in accordance with this Note. **[FUNDING]**

Borrower agrees to pay before or at the closing on the loan Amount memorialized by this Note **$5,457.60** to Lender as a loan Amount origination fee, **$0.00** to DP Capital LLC for a broker price opinion, and **$1,500.00** to Lender as processing fees and document prep fees. **[POINTS, FEES, AND COSTS]**

The final version of the loan Amount commitment between Borrower and Lender is incorporated herein by reference. In the event of any conflict between the aforementioned loan Amount commitment and this Note, the terms and conditions of this Note shall control. **[LOAN COMMITMENT]**

## 2. __INTEREST__

Interest shall accrue hereunder at the rate of **11%** per annum on the principal.

## 3. __PAYMENTS__

Payments of interest only shall be due and payable on the first day of each calendar month during the term of the loan evidenced by this Note.

If not sooner paid, the entire balance of the principal of this Note remaining unpaid, plus interest accrued thereon at the aforesaid rate not previously paid, and fees and costs, if any, shall be due and payable by Borrower in full by **April 19, 2023** (the "Maturity Date").

For purposes of computing interest on the debt evidenced hereby, interest shall be calculated on the basis of a three hundred sixty (360) day calendar year applied to the actual number of days funds are outstanding. Payments made on account hereof shall be applied first to the payment of late charges or other fees and costs owed to the Lender, next to the payment of any accrued and unpaid interest, and then to principal, or in such other order or proportion as the Lender, in its sole discretion, may elect from time to time.

The Borrower agrees to pay on demand any expenditures made by the Lender in accordance with the Deed of Trust, including, but not limited to, the payment of taxes, special assessments, condominium assessments, insurance premiums, and the cost of maintenance and preservation of the properties described in the Deed of Trust. At the option of the Lender, all such expenditures may be added to the unpaid principal balance of this Note and become a part of and on a parity with the principal indebtedness secured by the Deed of Trust and other instruments executed herewith, and shall accrue interest at the rate as may be payable from time to time on the original principal indebtedness or may be declared immediately due and payable.

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

All payments due hereunder shall be made in immediately available funds and constitute payment only when collected and/or the cash is actually received by the Lender.

**4. BORROWER'S RIGHT TO PREPAY**

The Borrower is permitted to prepay the principal indebtedness evidenced hereby in whole or in part prior to the Maturity Date without premium or penalty.

**5. BORROWER'S FAILURE TO PAY AS REQUIRED**

Before the Maturity Date, the entire principal sum outstanding, together with accrued interest thereon (as herein provided), fees and costs, if any, shall at once become due and payable at the option of the Lender without further notice, if any of the following occurs:

    a. If default be made in any payment due under this Note;
    b. If default be made in the performance of any other covenant contained in this Note;
    c. If the legal or equitable title to any part or all of the Property becomes vested in anyone other than the Borrower without the Lender's prior written approval;
    d. If default be made in the performance of any covenant under the Deed of Trust (the terms and provisions of which are incorporated herein by this reference as though fully set forth) which shall continue and remain uncured after any applicable grace period specified therein or in a written notice of default from the Lender to the Borrower.

Failure to exercise any of the options aforementioned or the failure to exercise any other option herein or in the Deed of Trust provided for shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Acceleration of maturity, once claimed by the Lender, may at its option be rescinded by an instrument in writing to that effect; however, the tender and acceptance of a partial payment or partial performance shall not, by itself, affect or rescind such acceleration of maturity.

Upon a default in the payment of an amount due under this Note, after the expiration of any applicable grace period, or upon the occurrence of an "Event of Default", as that term is defined in the Deed of Trust, under the Deed of Trust, the holder of this Note may, in the holder's sole discretion and without notice or demand, in addition to any other remedy the holder of this Note may exercise, charge interest to the Borrower which shall accrue on the entire face value of this Note at the rate of **24%** per annum (the "Default Rate"). If judgment is entered against the Borrower on this Note, the amount of such judgment entered (which may include principal, interest, fees and costs) shall bear interest at such Default Rate as of the date of entry of judgment.

Lender reserves the right at its sole discretion, to extend this Note on any date the loan evidenced hereby becomes due in full, either by maturity or by default, without giving notice to junior lienholders. The foregoing shall not imply any consent to any junior liens.

Rev 12.2015

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

In the event any payment due under this Note, including the final payment, is paid more than five (5) days after the date when the same is due, then the Lender shall be entitled to collect a "late charge" in an amount equal to **10.00%** of such installment. In the event the payment due is the balloon payment of this Note at its maturity, then the Lender shall be entitled to collect a late charge in an amount equal to **10.00%** of the original principal amount of this Note.

In the event it shall become necessary to employ counsel to collect this obligation or to protect the security hereof, the Borrower agrees to pay reasonable attorneys' fees, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, the protection of the security, the defense of any counterclaim, the enforcement (including without limitation, as a part of any proceeding brought under the Bankruptcy Reform Act of 1978, as amended) of any remedies herein provided for, or provided for in the Deed of Trust, and the enforcement of any guaranty.

6. <u>**OBLIGATIONS OF PERSONS UNDER THIS NOTE**</u>

**BORROWER HEREBY CERTIFIES THAT THIS LOAN IS FOR BUSINESS OR INVESTMENT PURPOSES ONLY AND SHALL NOT BE UTILIZED FOR THE PURCHASE OF AN OWNER OCCUPIED PRINCIPAL RESIDENCE.**

**BORROWER FURTHER CERTIFIES THAT THIS PROPERTY SHALL NOT BE RENTED TO OTHERS OR OCCUPIED IN ANY WAY DURING THE TERM OF THIS LOAN. OCCUPANCY OF THE PROPERTY IS STRICTLY PROHIBITED AND WILL RESULT IN IMMEDIATE DEFAULT.**

**BORROWER ATTESTS THAT IN THE EVENT OF ANY TENANCY PRIOR TO THE CLOSING OF THIS LOAN, THAT HE/SHE/IT PROPERLY ADHERED TO ALL TENANTS RIGHTS LAWS WITH PROPER NOTICES AND PROCEDURES. ANY ACTION TAKEN TO REMEDY SUCH RIGHTS DURING THE COURSE OF THIS LOAN WILL BE THE FULL RESPONSIBILITY OF BORROWER, AND IN THE EVENT LENDER NEEDS TO EMPLOY COUNSEL TO REMEDY SUCH ACTIONS, LENDER HAS FULL AUTHORITY TO COLLECT ALL REASONABLE ATTORNEYS' FEES AND ADDITIONAL COSTS FROM BORROWER.**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of such persons together. This means that any one of the Borrowers, guarantors, sureties or endorsers may be required to pay all of the amounts owed under this Note.

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

This Note shall be the obligation of the makers hereof and shall apply to and bind their respective successors, personal representatives, executors, survivors, heirs, and assigns.

## 7.    <u>WAIVERS</u>

The Borrower and any endorsers, guarantors and sureties jointly and severally waive the rights of Presentment, Notice of Dishonor, demand for performance, notice of nonperformance, protests, notice of protest, notice of default, demands, notice of demands, notice of non-payment and other notice and any and all lack of diligence or delays in the collection or enforcement hereof and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the Borrower or any endorser, guarantor or surety hereof. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

The Borrower and any other person who has obligations under this Note waive the benefit of the homestead exemption as to the Property described herein and in the Deed of Trust.

The Borrower hereby (i) covenants and agrees not to elect a trial by jury of any issue triable of right by a jury, and (ii) waives any right to trial by jury fully to the extent that any such right shall now or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by the Borrower, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. The Lender is hereby authorized and requested to submit this Note to any court having jurisdiction over the subject matter and the parties hereto, so as to serve as conclusive evidence of the Borrower's waiver of the right to jury trial. Further, the Borrower hereby certifies that no representative or agent of the Lender (including the Lender's counsel) has represented, expressly or otherwise, to the Borrower that the Lender will not seek to enforce this waiver of right to jury trial provision.

## 8.    <u>GIVING OF NOTICES</u>

All notices, demands, requests and other communications required pursuant to the provisions of this Note shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the Borrower at:9008 Nesbit Ct , Montgomery Village, MD 20886; and to the Lender at the address stated in the first paragraph of this Note.

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

The Lender and Borrower may designate a change of address by notice in writing to the other party. Whenever in this Note the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person entitled to receive such notice.

## 9. SUCCESSORS AND ASSIGNS

(a)     Notwithstanding anything to the contrary in this Note, (i) there shall be no limitation or restriction on Lender's ability to assign, pledge or otherwise transfer its rights and obligations under this Note, and (ii) Lender may at any time assign all or a portion of this Note to one or more Persons (each a "Transferee") without providing notice to Borrower or obtaining Borrower's consent.  Following any such assignment, (1) the Transferee thereunder shall be a party hereto and, have the same rights, benefits and obligations as the Lender hereunder, and (2) the assigning Lender shall have no further rights hereunder with respect to the assigned portion of this Note. Borrower hereby acknowledges and agrees that any such assignment will give rise to a direct obligation of Borrower to the Transferee and that the Transferee shall be considered to be a "Lender" hereunder.  Each Transferee shall have all of the rights, obligations and benefits with respect to the Indebtedness, Obligations, this Note, Property and/or Loan Documents held by it as fully as if the original holder thereof.  Agent (as hereinafter defined) may disclose to any Transferee all information, reports, financial statements, certificates and documents obtained under any provision of any Loan Document.

(b)     Any assignment pursuant to Section 9(a) above may be evidenced by a replacement note at the election of Lender. Upon written notice from Lender, Borrower shall promptly (and in any event within three (3) business days after any such request) execute and deliver to Agent any such documents as Lender may require to confirm such assignment, evidence the Indebtedness, and/or to otherwise effectuate such assignment including, without limitation, original replacement notes in form and substance satisfactory to Agent and payable to the order of Lender and/or a Transferee in an aggregate principal amount equal to the stated principal amount of the Loan.

(c)     Lender shall act as initial administrative noteholder for itself and any Transferee (together with any successor administrative noteholder, the "**Agent**").  Borrower acknowledges that Agent shall have the sole and exclusive authority under this Note and each Loan Document on behalf of the Lender, subject to the terms of any co-lending agreement.  Borrower shall rely conclusively on the actions of Agent to bind the Lender, notwithstanding that the particular action in question may, pursuant to the Deed of Trust or any co-lending agreement be subject to the consent or direction of another Person. Lender may resign or be replaced as Agent in accordance with the terms of any co-lending agreement and upon such removal or resignation, a successor Agent shall be appointed in accordance with the terms of any co-lending agreement.

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

## 10.    SEVERABILITY; RULES OF CONSTRUCTION

In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be as if such invalid, illegal or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal or unenforceable.

As used in this Note, the singular shall include the plural and the plural shall include the singular, where the context shall so require.

Time is of the essence as to all provisions of this Note.

### CONFESSION OF JUDGMENT

IF ANY AMOUNT PAYABLE UNDER THIS NOTE IS NOT PAID WHEN AND AS DUE, OR IF BORROWER SHALL OTHERWISE BE IN DEFAULT UNDER THIS NOTE OR UNDER ANY OF THE DOCUMENTS EVIDENCING OR SECURING THIS NOTE OR THE LOAN EVIDENCED HEREBY, BORROWER AND ANY ENDORSERS HEREOF HEREBY IRREVOCABLY APPOINT RUSSELL S. DRAZIN OR ANY OTHER ATTORNEY AUTHORIZED TO PRACTICE LAW IN THE JURISDICTION WHERE THE PROPERTY IS LOCATED TO APPEAR FOR BORROWER, AND IN BORROWER'S NAME TO CONFESS JUDGMENT AGAINST BORROWER, IN ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION IN THE JURISDICTION WHERE THE PROPERTY IS LOCATED OR OF ANY OTHER STATE, TERRITORY OR JURISDICTION OF THE UNITED STATES, OR IN ANY COURT OF COMPETENT JURISDICTION, FOR ALL PRINCIPAL, INTEREST AND OTHER AMOUNTS DUE UNDER THIS NOTE, TOGETHER WITH ALL COSTS, EXPENSES AND ACTUAL ATTORNEYS FEES AS SPECIFIED HEREIN. WITH RESPECT TO SUCH APPEARANCES, BORROWER EXPRESSLY WAIVES SUMMONS AND ALL OTHER PROCESS. THE EXEMPTION OF PERSONAL PROPERTY FROM LEVY AND SALE IS HEREBY EXPRESSLY WAIVED BY THE BORROWER AND NO BENEFIT OF EXEMPTION SHALL BE CLAIMED BY THE BORROWER UNDER ANY EXEMPTION LAW NOW IN FORCE OR WHICH MAY BE HEREAFTER ADOPTED, INCLUDING BUT NOT LIMITED TO THE BENEFIT OF ANY AND ALL HOMESTEAD EXEMPTIONS WHICH ARE HEREBY WAIVED. BORROWER WAIVES THE BENEFIT OF ANY AND EVERY STATUTE, ORDINANCE OR RULE OF COURT WHICH MAY BE LAWFULLY WAIVED CONFERRING UPON THE BORROWER ANY RIGHT OR PRIVILEGE, OR EXEMPTION, STAY OF EXECUTION, APPEAL OR SUPPLEMENTARY PROCEEDINGS, OR OTHER RELIEF FROM THE ENFORCEMENT, OR IMMEDIATE ENFORCEMENT OF A CONFESSED JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. BORROWER CONSENTS TO VENUE IN THE JURISDICTION WHERE THE PROPERTY IS

Rev 12.2015

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

LOCATED, WITH RESPECT TO THE INSTITUTION OF AN ACTION CONFESSING JUDGMENT HEREON, REGARDLESS OF WHERE VENUE WOULD OTHERWISE BE PROPER. ANY JUDGMENT ENTERED AGAINST BORROWER, WHETHER BY CONFESSION OR OTHERWISE, SHALL BEAR INTEREST AT A RATE WHICH IS THE HIGHEST RATE OF INTEREST BEING PAID BY BORROWER HEREUNDER ON THE DATE OF JUDGMENT. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ONE OR MORE EXERCISES THEREOF, OR BY ANY IMPERFECT EXERCISE THEREOF, AND SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT THERETO; SUCH AUTHORITY AND POWER MAY BE EXERCISED ON ONE OR MORE OCCASIONS, FROM TIME TO TIME, IN THE SAME OR DIFFERENT JURISDICTIONS AS OFTEN AS THE LENDER OR ITS ASSIGNS SHALL DEEM NECESSARY OR ADVISABLE UNTIL ALL SUMS DUE HEREUNDER HAVE BEEN PAID IN FULL.

THE VALIDITY AND CONSTRUCTION OF THIS NOTE AND ALL MATTERS PERTAINING THERETO ARE TO BE DETERMINED ACCORDING TO THE LAWS OF THE JURISDICTION WHERE THE PROPERTY IS LOCATED WITHOUT REGARD TO ITS CONFLICTS OF LAW PRINCIPLES.

[SIGNATURE PAGE TO FOLLOW]

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

**BORROWER:**

**Exquisite Quarters LLC,**
a Maryland Limited Liability Company

*Hermann Gbobia, Authorized* (SEAL)
By: Hermann Gbobia *Signatory*
Its: Authorized Signatory

COUNTY OF *Montgomery* ) SS:
STATE OF *Maryland* )

   I hereby certify on this *19* day of April, 2022, before me in the jurisdiction aforesaid, did personally appear Hermann Gbobia, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

ANGELA RENEE ROBINSON
NOTARY PUBLIC STATE OF MARYLAND
Prince George's County
My Commission Expires April 5, 2023

_____
NOTARY PUBLIC

My commission expires: *4/5/2023*

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0198, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886
LOAN-006639

Prepared by and return to:
Washington Capital Partners
2815 Hartland Road, Suite 200
Falls Church, VA 22043
Attn: Victoria Junkins, Esq.

Tax NOT Required
Montgomery County, MD
04/21/2022 KSC

## PURCHASE MONEY DEED OF TRUST

Montgomery County Circuit Court
IMP FD SURE          $40.00
RECORDING FEE        $75.00

TOTAL               $115.00
KAB  CP  Apr 21, 2022  02:31 pm

**THIS PURCHASE MONEY DEED OF TRUST**, made effective as of April 19, 2022, by and between **Exquisite Quarters LLC**, a Maryland Limited Liability Company, hereinafter referred to as the "Grantor" (index as Grantor), with an address of 9008 Nesbit Ct , Montgomery Village, MD 20886, and **Russell S. Drazin**, hereinafter referred to as the "Trustee" (index as Grantee), with an address of 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015.

WHEREAS, Grantor is justly indebted to **WCP Fund 1 LLC**, a Delaware Limited Liability Company, hereinafter referred to as the "Beneficiary," with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043, in its capacity as Agent (as hereinafter defined) under any co-lending agreement, for money borrowed in the amount of **$272,880.00** ("Loan Amount"), for which amount the said Grantor has made and delivered a certain Commercial Deed of Trust Note of even date herewith, in the original principal amount of the Loan Amount payable to the order of the Beneficiary (the "Note"); and

WHEREAS, the Grantor desires to secure the Beneficiary and any subsequent holder of the Note secured hereby the full and punctual payment of said debt, when and as the same shall become due and payable, as well as any and all renewals and extensions of said Note, or any part thereof, together with interest thereon, and the performance of the covenants and agreements herein and therein contained, and also to secure the reimbursement to the holder or holders of said Note or to the Trustee or substitute Trustee, and any purchaser or purchasers of said Note from the Beneficiary, or grantee or grantees under any sale or sales conducted by the Trustee or Substitute Trustee under the provisions of this Deed of Trust for all money which may be advanced as herein provided for, and for any and all costs and expenses incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or in respect to the indebtedness or the property herein described, or in obtaining possession of the Mortgaged Property either before or after any sale which may be made as hereinafter provided for.

## ARTICLE I

## DEFINITIONS

1.0 Definitions.

**BOOK: 65632 PAGE: 199**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0199, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

Grantor, Trustee and Beneficiary agree that, unless the context otherwise specifies or requires, the following terms shall have the meaning herein specified, such definitions to be applicable equally to the singular and the plural forms of such terms and to all genders:

(a) Beneficiary - The party hereinabove designated as such, its successors and assigns.

(b) Event(s) of Default - Any of the happenings, events, circumstances or occurrences described in Article VII of this Deed of Trust.

(c) Grantor - The party hereinabove designated as such, and that party's heirs, survivors, administrators, executors, successors and assigns.

(d) Impositions - All (i) real estate taxes, and other taxes of every kind and character; and (ii) all water and sewer rents and charges; and (iii) all other public charges, taxes, homeowners association assessments, fees, governmental and non-governmental charges, to the extent any of the foregoing are imposed or assessed upon the Grantor or the Mortgaged Property or arising in respect of the occupancy, use or possession thereof.

(e) Improvements - Any and all buildings, structures, improvements, alterations or appurtenances now erected or at any time hereafter constructed, renovated, or placed upon the Mortgaged Property or any portion thereof and any replacements thereof.

(f) Indebtedness - The principal of and the interest on, and all other amounts, payments and premiums due on account of the Note and all other indebtedness of the Grantor to the Beneficiary payable pursuant to the Note.

(g) Land - The real estate described in "EXHIBIT A" attached hereto and by this reference made a part hereof.

(h) Leases - all leases, subleases, licenses, concessions, tenancies, occupancy agreements and other agreements entered into by or on behalf of Grantor demising, leasing or granting rights of possession or use of all or any portion of the Mortgaged Property, together with all modifications, extensions or renewals thereof now existing or hereafter executed.

(i) Mortgaged Property - The Land, the Improvements. , the Personal Property, all development rights transferred or appurtenant to the Land, all easements and other rights now or hereafter made appurtenant to the Land, all additions and accretions to the Land, all fixtures, machinery, equipment, and appliances at any time attached to, or located in or on the Land in which Grantor has an interest, existing and future development rights, permits and approvals, air rights and other similar land use permits, approvals or entitlements associated with the Land; and all proceeds of any of the foregoing.

Rev 5.2016                                                                                      Page 2 of 25

19117 N Kindly Ct, Montgomery Village, MD 20886

(j) Note - The Commercial Deed of Trust Note made by the Grantor payable to the order of the Beneficiary of even date herewith, in the original principal amount of the Loan Amount, and all modifications, renewals, substitutions, and extensions of the aforesaid Note.

(k) Obligations - Any and all of the covenants, promises and other obligations (other than the Indebtedness) made or owing by the Grantor to the Beneficiary pursuant to or as otherwise set forth in this Deed of Trust.

(l) Person - shall mean any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government or any agency or political subdivision thereof, or any other form of entity.

(m) Personal Property -- all "Accounts", "Cash proceeds", "Chattel paper", "Collateral", "Commercial tort claims", "Deposit accounts", "Documents", "Electronic chattel paper", "Equipment", "Fixtures", "General intangibles", "Goods", "Instruments", "Inventory", "Investment property", "Letter-of-credit rights", "Noncash proceeds", "Payment intangibles", "Proceeds", "Software", "Supporting Obligations", and "Tangible chattel paper", as defined in the Uniform Commercial Code, in which Grantor has any interest, whether currently owned or hereafter acquired, including but not limited to all such property relating to, generated from, arising out of or incidental to the ownership, development, use or operation of the Land (whether or not subsequently removed from the Land), including, without limitation, all (i) machinery, tools, appliances, apparatus, equipment, and fittings; (ii) rugs, carpets and other floor coverings; (iii) draperies and drapery rods and brackets, awnings, window shades, venetian blinds and curtains; (iv) lamps, chandeliers, and other lighting fixtures; (v) office maintenance and other supplies; (vi) apparatus, appliances, furniture and furnishings, building service equipment, and building materials, supplies and equipment; (vii) heating, lighting and plumbing fixtures, fire prevention and extinguishing apparatus, cooling and air-conditioning systems, elevators, escalators, fittings, plants, apparatus, stoves, ranges, refrigerators, laundry machines, tools, machinery, engines, dynamos, motors, boilers, incinerators, switchboards, conduits, compressors, vacuum cleaning systems, floor cleaning, waxing and polishing equipment, call systems, brackets, electrical signs, bulbs, bells, ash and fuel, conveyors, cabinets, lockers, shelving, spotlighting equipment, dishwashers, garbage disposals, washers and dryers; (viii) Leases, lease guarantees, contracts, contract rights, franchise agreements, licenses, permits and certificates; (ix) tenements, hereditaments and appurtenances; (x) approvals and parcel maps (whether tentative or final), building permits and certificates of occupancy; (xi) management agreements, service contracts, supply contracts or other contracts or agreements; (xii) warranties; (xiii) plans and specifications prepared for construction of Improvements on the Mortgaged Property, or any part thereof, and studies, data and drawings related thereto, including, without limitation, studies, data or reports relating to toxic or hazardous wastes or materials located on the Mortgaged Property, all environmental audits, studies and reports, approvals and agreements, and

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0200, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

contracts and agreements of Grantor relating to the aforesaid plans and specifications or to the aforesaid studies, data, reports and drawings or to the construction of Improvements on the Mortgaged Property; (xiv) sales agreements, marketing studies, feasibility studies, deposit receipts, escrow agreements and other ancillary documents and agreements entered into respecting the sale to any purchasers of any part of the Mortgaged Property and other proceeds of the sale thereof; (xv) deposits made with or other security given to utility companies by Grantor with respect to the Mortgaged Property and/or Improvements; (xvi) advance payments of insurance premiums made by Grantor with respect to, and all claims or demands with respect to, insurance; (xvii) insurance proceeds (including insurance proceeds for insurance not required under the terms of this Security Instrument); (xviii) condemnation awards; and (xix) causes of action, claims, compensation, awards and recoveries for any damage or injury to the Mortgaged Property and/or Improvements or for any loss or diminution in value of the Mortgaged Property and/or Improvements.

(n) Trustee - The parties hereinabove designated as such, their successors and substitutes.

ARTICLE II

GRANT

2.0 Grant.

NOW, THEREFORE, the Grantor, in consideration of the premises and of the sum of TEN and NO/100 DOLLARS ($10.00) lawful money of the United States of America, the receipt of which is hereby acknowledged by the Grantor, and in order to secure the payment of the Indebtedness and the Note and the performance and discharge of the Obligations, does by these presents, grant, give, bargain, sell, assign, convey, release, warrant, mortgage, transfer, hypothecate, pledge, set over and confirm unto the Trustee, their successors and assigns forever, in fee simple, the Mortgaged Property, TO HAVE AND TO HOLD the said Mortgaged Property unto the said Trustee, their successors and assigns, forever;

IN TRUST, to secure (a) the payment to the Beneficiary of the Indebtedness and all other sums due under the Note and/or this Deed of Trust, (b) the performance and discharge of the Obligations and of all covenants and agreements in the Note, (c) the performance and discharge of all covenants and agreements in all documents and/or instruments evidencing, securing, or otherwise relating to the Indebtedness (collectively, "Loan Documents") other than the Note and this Deed of Trust, (d) any and all future or additional advances (whether or not obligatory) made by Beneficiary (i) to protect or preserve the Mortgaged Property or the lien or security interest created hereby on the Mortgaged Property, or (ii) for taxes, assessments, or insurance premiums as hereinafter provided, or (iii) for performance of any of Grantor's obligations hereunder or under the other Loan Documents, or (iv) for any other purpose provided herein or in the other Loan Documents (whether or not the original Grantor remains the owner of the Mortgaged Property at the time of such advances), together with interest thereon as provided for in the

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0201, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

Note, and (e) any and all other indebtedness now owing or which may hereafter be owing by Grantor to Beneficiary, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals, modifications, amendments, restatements, consolidations, substitutions, replacements, and extensions thereof.

2.1 Possession.

Until the occurrence of an Event of Default, the Beneficiary shall promptly permit the Grantor to possess and enjoy the Mortgaged Property.

2.2 Condition of Grant.

The condition of these presents is such that if Grantor shall pay or cause to be paid the Indebtedness as and when the same shall become due and payable under the Note, and shall observe, perform and discharge the Obligations, then Beneficiary and the Trustee shall release and reconvey unto and at the cost of Grantor the Mortgaged Property whereupon this Deed of Trust shall cease and be void and the Mortgaged Property shall be released from the lien hereof at the cost of the Grantor.

ARTICLE III

REPRESENTATIONS AND WARRANTIES

3.0 Representations and Warranties.

Grantor hereby represents and warrants to Beneficiary that:

3.1 Validity of Loan Instruments.

(a) The execution, delivery and performance by Grantor of the Note and this Deed of Trust, (i) are within the legal powers of Grantor, and (ii) will not violate any provision of law, any order of any court or other agency of government, or any indenture, agreement or other instrument to which Grantor is a party or by which they or any of their property is bound or be in conflict with, result in a breach of or constitute (with due notice or lapse of time or both) a default under any such indenture, agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of its property or assets, except as contemplated herein; and (b) the Note does, and this Deed of Trust when executed and delivered by Grantor will, constitute the legal, valid and binding obligations of in accordance with their respective terms, subject to the limiting effect of applicable bankruptcy, insolvency, moratorium, reorganization or other similar laws of general applicability relating to creditor's rights, and the exercise of judicial discretion which may limit certain remedies therein provided.

3.2 Mortgaged Property and Other Property.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0202, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

Grantor has good and marketable title in fee simple to the Mortgaged Property free and clear of any liens, charges, encumbrances, security interests and adverse claims whatsoever. This Deed of Trust is and will remain a valid and enforceable first lien on the Mortgaged Property. The Grantor has full power and lawful authority to subject the Mortgaged Property to the lien of this Deed of Trust in the manner and form herein contemplated. The Grantor will preserve such title, and will forever warrant and defend the same to the Trustee and will forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and parties whomsoever.

<u>ARTICLE IV</u>

<u>AFFIRMATIVE COVENANTS</u>

4.0 Affirmative Covenants.

Until the entire Indebtedness shall have been paid in full, Grantor hereby covenants and agrees as follows:

4.1 Compliance with Laws.

Grantor will promptly, fully and faithfully comply with, conform to and obey all present and future laws, ordinances, rules, regulations, requirements which may be applicable to the manner of use, occupancy, possession, operation, maintenance, alteration, and repair of the Mortgaged Property.

4.2 Payment of Impositions.

Grantor will pay and discharge, or cause to be paid and discharged, not later than the due date thereof or the date any fine, penalty, interest or cost may be added thereto or imposed by or pursuant to law for the nonpayment thereof (whichever date shall first occur) or, at the direction of the Beneficiary, as soon as the same become liens, whether or not then due and payable, any Impositions upon or assessed against the Mortgaged Property or arising in respect of the occupancy, use or possession thereof. The Grantor will, upon the request of the Beneficiary, deliver to the Beneficiary from time to time receipts evidencing the payment of all such Impositions.

4.3 Repairs and Waste.

Grantor will at all times keep and maintain the Mortgaged Property in good order, condition and repair and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements, interior and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen, as may be necessary or desirable to accomplish the purposes of this Section. The Grantor will not commit any waste upon the Mortgaged Property or make or permit any change in the use of the

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0203, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

Mortgaged Property which will in any way increase any ordinary fire or other hazard arising out of the operation thereof.

4.4. Insurance.

Grantor will keep the Improvements insured against loss by fire, casualty and such other hazards as may from time to time be required by the Beneficiary for the benefit of the Beneficiary. The Grantor shall maintain such public liability and indemnity insurance as may from time to time be reasonably required by the Beneficiary. All such insurance shall be written in forms, amounts and by companies satisfactory to the Beneficiary and losses thereunder, shall be payable to the Beneficiary pursuant to a standard mortgagee's endorsement. Duplicate originals of each such policy of insurance shall be delivered to the Beneficiary and the Grantor shall provide the Beneficiary with such evidence of the payment of premiums due on account of such insurance as may from time to time be required by the Beneficiary. All such policies shall provide that the same shall not be invalidated by any waiver of the right of subrogation by any insured and shall provide that the carrier shall have no right to be subrogated to the Beneficiary. All such policies shall provide for at least thirty (30) days' prior written notice to all insureds named thereon (including, without limitation, the Beneficiary) prior to any cancellation, surrender or modification thereof, including without limitation, cancellation for nonpayment of premium. The Grantor shall give the Beneficiary prompt notice of any loss covered by such insurance and the Beneficiary shall have the right to join the Grantor in adjusting any loss. Any funds received as payment for any loss under any such insurance shall be paid over to the Beneficiary and shall be applied by the Beneficiary, should there then exist any Event of Default hereunder that is continuing and not cured by Grantor, to the prepayment of the Indebtedness, without premium or penalty, or, should no Event of Default have occurred and be continuing uncured hereunder, then to the reimbursement of Grantor for expenses actually incurred by the Grantor in the restoration or replacement of the Improvements.

4.5 Restoration Following Casualty.

In the event of the happening of any casualty (including, without limitation, any casualty for which insurance was not obtained or obtainable) resulting in damage to or destruction of the Mortgaged Property or any part thereof, the Grantor shall give prompt written notice of the time, nature and extent thereto to the Beneficiary and, as long as no Event of Default exists hereunder that is continuing and not cured by Grantor, then the Beneficiary shall apply the proceeds of insurance to the restoration, repair or replacement of the Mortgaged Property or in the event the casualty was not insured, the Grantor shall, at the sole cost and expense of the Grantor and whether or not the proceeds of insurance, if any, are sufficient for the purpose, promptly commence and diligently continue to restore, repair and replace the Mortgaged Property as nearly as possible to its condition immediately prior to such casualty.

Rev 5.2016

Page **7** of **25**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0204, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 205**

19117 N Kindly Ct, Montgomery Village, MD 20886

4.6 Performance of Other Agreements.

Grantor will comply in a timely way, and otherwise abide by and perform, all of the terms, agreements, obligations, covenants, restrictions and warranties binding upon the Grantor under any easement, right-of-way, covenant, restriction, or other agreement with respect to or in any manner affecting the Mortgaged Property or any part thereof.

4.7 Further Assurances.

Grantor, at his/her/its sole cost and expense, will make, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfer and assurances as the Trustee or the Beneficiary shall from time to time reasonably require, for the better assuring, conveying, assigning, transferring and confirming unto the Trustee the property and rights hereby conveyed or assigned or intended now or hereafter so to be, or which the Grantor may be or may hereafter become bound to convey or assign to the Trustee, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.

4.8 Advances.

In the event the Grantor shall fail to perform any of the covenants contained herein then the Beneficiary, with or without notice to the Grantor, may, but shall not be required to, make advances to perform the same in its behalf, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Any advance so made shall be charged interest at the default rate provided herein.

4.9 Deposits for Taxes and Related Matters.

Beneficiary shall not require the Grantor to deposit with Beneficiary in escrow those amounts sufficient to discharge over time the Impositions and the premiums on the insurance required pursuant hereto unless an Event of Default has occurred.

4.10 Indemnity - Hold Harmless.

Grantor shall forever indemnify and save the Beneficiary and the Trustee harmless from all loss, liability, damage, costs and expenses, including, without limitation, reasonable attorneys' fees, and title and survey costs, incurred by reason of any action, suit, proceeding, hearing, motion or application before any Court or administrative body in or which the Beneficiary or the Trustee may be or become a party by reason of this Deed of Trust, whether as holder of this Deed of Trust, as mortgagee-in-possession, as successor-in-interest to Grantor, by foreclosure deed or deed in lieu of foreclosure, including, without limitation, with respect to (a) any accident to, injury to or death of persons or loss of or damage to property occurring on or about the Mortgaged Property, (b)any failure on the part of the Grantor to perform or comply with any of the terms, covenants, conditions and

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0205, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

agreements set forth in the this Deed of Trust, (c) performance of any labor or services or the furnishing of any materials or other property in respect of the Mortgaged Property or any other part thereof for construction or maintenance or otherwise, (d) any action brought against any party attacking the validity, priority or enforceability of this Deed of Trust, and/or (e) bankruptcy. All money paid or expended by Beneficiary or Trustee in connection with any of the foregoing, together with interest thereon from day of such payment at the default rate set forth in the Note, shall be so much additional indebtedness secured hereby and, except as otherwise provided herein, shall be immediately and without notice due and payable by Grantor. The obligations of the Grantor under this Section shall survive any foreclosure, deed in lieu of foreclosure, release, termination or satisfaction of this Deed of Trust.

4.11 Lockbox Access.

Grantor to install a combination lockbox on the subject Mortgaged Property and provide said lockbox combination to the Beneficiary. Lockbox is to remain located on property at all times during term of this Deed of Trust. Grantor irrevocably grants permission to Beneficiary and/or Trustee to enter into any improvement on the Mortgaged Property at any time and for any purpose consistent with ensuring Grantor's compliance with the terms and conditions of this Deed of Trust.

4.12 Sign Installation.

Grantor hereby allows Grantee to install a 18x24 sign in the yard of the Mortgaged Property during term of this Deed of Trust.

<u>ARTICLE V</u>

<u>NEGATIVE COVENANTS</u>

5.0 Negative Covenants

Until the Indebtedness shall have been paid in full, Grantor covenants and agrees as follows:

5.1 Other Liens - Transfers

Grantor will not, without the prior written consent of the Beneficiary, create or permit to be created or remain, any mortgage, pledge, lien, lease, encumbrance or charge or security interest, or conditional sale or other title retention agreement, with respect to the Mortgaged Property or any part thereof or income therefrom, whether prior or subordinate to the lien of this Deed of Trust, except as otherwise consented to in writing by Beneficiary. Except for any grant, conveyance, sale, assignment or transfer of the Mortgaged Property which is conditioned upon the release of record of this Deed of Trust, the Grantor will not, without the prior written consent of the Beneficiary, make, create or

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0206, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

consent to any grant, conveyance, sale, assignment or transfer of the Mortgaged Property or any part thereof, other than as consented to by Beneficiary.

5.2 Impairment of Security

Grantor will take no action which will in any manner impair the value of the Mortgaged Property or the security of this Deed of Trust.

5.3 Occupancy.

Unless otherwise agreed to in writing by the Beneficiary, Grantor shall not allow any person or persons to occupy the Mortgaged Property during the term of the Note.

ARTICLE VI

EMINENT DOMAIN – CONDEMNATION

6.0 Notice.

Grantor shall give the Trustee and the Beneficiary prompt written notice of the actual or threatened commencement of any proceedings under the power of condemnation or eminent domain affecting all or any part of the Mortgaged Property, and the Grantor will deliver to the Trustee and the Beneficiary true and complete copies of any and all documents and papers served upon the Grantor in connection with any such proceedings promptly following receipt thereof by the Grantor.

6.1 Assignment of Condemnation Awards.

Grantor hereby irrevocably assigns, transfers and sets over unto the Beneficiary all right, title, interest and estate of the Grantor in and to any award or payment made in respect of any proceeding under the power of condemnation or eminent domain relating to the Mortgaged Property and initiated subsequent to the recordation of this Deed of Trust.

6.2 Application of Proceeds.

All proceeds received by or for the account of the Beneficiary as a result of, or by agreement in anticipation or in lieu of, any exercise of the power of condemnation or eminent domain with respect to the Mortgaged Property, shall be applied by the Beneficiary in the following order of priority: (a) to reimburse the Beneficiary for all costs and expenses actually and reasonably incurred by the Beneficiary in connection with the collection of such award or payment, including, without limiting the generality of the foregoing, reasonable attorney's fees; and (b) to the prepayment of the amount then due on account of the Indebtedness, without premium or penalty; and (c) to the Grantor. In the event, however, that in the opinion of the Beneficiary such taking will not materially affect the value of the Mortgaged Property, then the Beneficiary may disburse the entire proceeds

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0207, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

of the taking to the Grantor; provided, however, that the Beneficiary shall then have the right to specify the manner in which such proceeds shall be disbursed by the Grantor; and, provided further, that the payment of the proceeds to the Grantor shall not affect the lien hereof or reduce the amount of Indebtedness.

ARTICLE VII

EVENTS OF DEFAULT

7.0 Events of Default.

The term "Event(s) of Default" shall mean the occurrence or happening, from time to time, of any one or more of the following or any other occurrences to/by the Grantor (both severally and/or jointly):

7.1 Payment of Indebtedness.

If the Grantor shall default in the payment of any portion of the Indebtedness when and as the same shall become due and payable under the Note.

7.2 Performance of Obligations.

If the Grantor shall default in the due observance or performance of any of the Obligations under the Note or this Deed of Trust.

7.3 Appointment by Receiver.

If by the order of a court of competent jurisdiction, a trustee, receiver or liquidator of the Mortgaged Property or any part thereof, or of the Grantor, shall be appointed and such order shall not be discharged or dismissed within ninety (90) calendar days after such appointment.

7.4 Voluntary Bankruptcy.

If the Grantor shall file a petition in bankruptcy or for an arrangement or for reorganization pursuant to the Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, or if, by decree of a court of competent jurisdiction, the Grantor shall be adjudicated a bankrupt, or be declared insolvent, or shall make an assignment for the benefit of creditors, or shall admit in writing his inability to pay his debts generally as they become due, or shall consent to the appointment of a receiver or receivers of all or any part of its property.

7.5 Involuntary Bankruptcy.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0208, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

If any of the creditors of the Grantor shall file a petition in bankruptcy against the Grantor, pursuant to the Federal Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, and if such petition shall not be discharged or dismissed within ninety (90) calendar days after the date on which such petition was filed.

7.6 Judgments.

If final judgment for the payment of money or the establishment of a mechanic's lien shall be rendered against the Grantor and the Grantor shall not discharge the same or cause it to be discharged within thirty (30) calendar days from the entry thereof, or shall not appeal therefrom or from the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal.

7.7 Transfer of Mortgaged Property.

With the exception of the sale of the Mortgaged Property, which sale is conditioned upon the release of the Mortgaged Property from the lien of this Deed of Trust, if Grantor shall transfer, or agree to transfer, in any manner, either voluntarily or involuntarily, by operation of law or otherwise, all or any portion of the Mortgaged Property, or any interest therein without, in any such case, the prior written consent of Beneficiary. NOTICE – THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY HEREIN CONVEYED IN TRUST.

7.8 Occupancy.

Grantor represents and covenants to Trustee and Beneficiary that, as of the effective date of this Deed of Trust (at the latest), the Mortgaged Property is vacant. Grantor further covenants to Trustee and Beneficiary that, so long as this Deed of Trust remains a lien against the Mortgaged Property, the Mortgaged Property will remain vacant and Grantor will not permit the Mortgaged Property to be occupied by anyone, including Grantor. Grantor further covenants that, to the extent that the Mortgaged Property was tenanted prior to the effective date of this Deed of Trust, Grantor properly adhered to all tenants rights laws with proper notices and procedures.

7.9 Other Indebtedness

Any default under or breach of any document or instrument evidencing or securing any indebtedness, obligation, or liability of any kind or nature – other than the Indebtedness and the Obligations secured hereby – of Grantor or any guarantor of the Indebtedness, or any of their affiliates, to Beneficiary, whether now existing or hereafter created or arising, direct or indirect, material or immaterial, and whether absolute or contingent, joint, several or joint and severally and howsoever owned, held, or acquired.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0209, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

7.10 Death or Incapacity

Upon the death or incapacity of the Grantor (if applicable) or of any guarantor of the Indebtedness (if applicable).

ARTICLE VIII

DEFAULT AND FORECLOSURE

8.0 Remedies.

If an Event of Default shall occur, then the Trustee or the Beneficiary may, at the option of the Beneficiary, exercise any or all of the following remedies:

(a) Foreclosure Sale. During the continuance of any such Event of Default, the Trustee personally or by its agents or attorneys, upon the instruction of the Beneficiary, may sell the Mortgaged Property, or any part or parts thereof, and all estate, right, title, interest, claims and demand therein, at public auction at such time and place and upon such terms and conditions as the Trustee may deem appropriate or as may be required or permitted by applicable law or rule of court, having first given, advertised, and published such notice of the time, place and terms of foreclosure/public auction by publication in at least one newspaper published or having a general circulation in the county, city or jurisdiction in which the Mortgaged Property is located, once a week for two successive weeks, or by such other methods, if any, as the Trustee or any title insurance company, insuring the lien hereof, may deem appropriate.

(b) Other Remedies. During the continuance of any Event of Default, the Trustee and the Beneficiary may take such other steps to protect and enforce their respective rights, whether by action, suit or proceeding in equity or at law, or in aid of any power granted in the Note or this Deed of Trust, or for the enforcement of any other appropriate legal or equitable remedy, or otherwise, as the Trustee or the Beneficiary may elect.

8.1 Adjournment of Sale.

The Trustee may adjourn from time to time any sale to be made under, or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale; and, except as otherwise provided by any rule of law, the Trustee, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

8.2 Conveyance by Trustee.

Upon the completion of any sale or sales made by the Trustee under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Trustee or an

Rev 5.2016

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0210, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 211**

19117 N Kindly Ct, Montgomery Village, MD 20886

officer of the court empowered so to do, shall execute and deliver to the purchaser or purchasers a good and sufficient instrument, or instruments, conveying, assigning and transferring all estate, right, title and interest in and to the Mortgaged Property and rights sold. The Trustee is hereby appointed the irrevocable true and lawful attorney of the Grantor in its name and stead to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose the Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, the Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any such sale or sales made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Grantor in and to the properties and rights so sold, and shall be a perpetual bar, both at law and in equity, against the Grantor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under the Grantor.

8.3 Purchase by Beneficiary.

In the event of the sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary shall be competent to bid for and acquire the Mortgaged Property or any part thereof.

8.4 Waiver of Redemption - Exemptions Waived.

Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from attachment, execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; or after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof, and the Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any right, power or remedy herein granted or delegated to the Trustee or the Beneficiary, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. The Grantor, for herself and all who claim under her, waives, to the extent that it lawfully may, the benefit of any homestead exemption and any and all right to have the Mortgaged Property marshaled upon any sale or foreclosure hereunder.

8.5 Remedies Cumulative and Concurrent.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0211, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 212**

19117 N Kindly Ct, Montgomery Village, MD 20886

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0212, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

No remedy conferred upon or reserved to the Trustee or the Beneficiary is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary shall be concurrent and may be pursued separately, successively or together against the Grantor; and every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary may be exercised from time to time as often as may be deemed expedient by the Trustee or the Beneficiary.

8.6 Application of Proceeds.

The proceeds of any sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, together with any other sums which may then be held by the Trustee or the Beneficiary pursuant to this Deed of Trust, shall be applied as follows:

(a) First, to the payment of the costs and expenses of such sale, including, without limitation, compensation to the Trustee and the Beneficiary, their respective agents and counsel, and of any judicial or other proceeding wherein the same may be made, and of all expenses, liabilities and advances made or incurred by the Trustee or the Beneficiary under this Deed of Trust, and all taxes and assessments due upon the Mortgaged Property at the time of such sale and to discharge any other lien prior to this Deed of Trust, except any taxes, assessments or other liens subject to which the Mortgaged Property shall have been sold.

(b) Second, to the payment of whatever may then remain unpaid on account of the Indebtedness, with interest thereon to the date of payment or as otherwise provided in the Note.

(c) Third, to the payment of any other sums required to be paid by the Grantor pursuant to any provision of the Note or this Deed of Trust, including, without limitation, all expenses, liabilities and advances made or incurred by the Beneficiary under this Deed of Trust or in connection with the enforcement thereof, together with interest on all such advances.

(d) Fourth, to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive the same upon the delivery and surrender of the Mortgaged Property sold and conveyed.

<u>ARTICLE IX</u>

<u>THE TRUSTEE</u>

Rev 5.2016

19117 N Kindly Ct, Montgomery Village, MD 20886

## 9.0 Acceptance - Standard of Conduct

Trustee, by acceptance hereof, hereby covenants faithfully to perform and fulfill the trusts herein created; provided, however, that the Trustee shall be liable hereunder only for gross negligence, willful misconduct or bad faith. In any event, the Trustee shall be indemnified and forever held harmless by the Beneficiary for any action which the Trustee may take pursuant to and in reliance upon the written instructions of the Beneficiary.

## 9.1 Fees and Expenses.

Grantor shall pay all reasonable costs, fees and expenses of the Trustee, its agents and counsel, incurred in connection with the performance of the Trustee's duties hereunder. Nothing contained in this Deed of Trust shall be construed to require the Trustee to make any advances of funds for the benefit of either the Grantor or the Beneficiary for any reason or purpose.

## 9.2 Commissions on Sale.

In the event of any sale made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to retain as compensation a commission of 5.00% of the proceeds of such sale.

## 9.3 Commission on Advertisement.

Immediately upon the first publication of an advertisement of any sale to be made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceeding or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to receive as compensation from the Grantor a commission of 2.50% of the total amount then due on account of the Indebtedness and, upon the first publication of any such advertisement, such commission shall be considered earned by the Trustee, payable by the Grantor, and a part of the Indebtedness. The commissions provided for in Sections 9.2 and 9.3 shall not be cumulative.

## 9.4 Resignation.

Trustee may resign at any time after thirty (30) calendar days' notice in writing to the Grantor and the Beneficiary.

## 9.5 Acts of Trustee.

In the event more than one person is designated as Trustee herein, then either or any of them may act without the other when the circumstances shall so require and the act of either or any of them shall be considered as the act of both or all.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0213, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

9.6 Successor Trustee - Substitution.

The Beneficiary may remove the Trustee at any time or from time to time, with or without reason or cause. In the event of the death, removal, resignation, refusal to act or inability to act of the Trustee, or in the sole discretion of the Beneficiary for any reason, without notice to any party, and without application to any court, a successor or substitute Trustee may be appointed by the Beneficiary by a designation in writing of a successor Trustee by the filing for record in the office where this Deed of Trust is recorded of a Deed of Appointment. Such power of appointment may be exercised whenever and as often as the Beneficiary may consider it advisable and the exercise of such power of appointment, no matter how frequently, shall not be considered a termination thereof. Upon the recordation of any such Deed of Appointment, the successor or substitute trustee so appointed shall thereupon without further act or deed, become fully vested with the same title and estate in and to the Mortgaged Property as the Trustee, as aforesaid, and have all of the rights, powers, trusts, duties and authority of the Trustee. Whenever in the Note or this Deed of Trust reference is made to the Trustee, such reference shall be held and construed to mean the Trustee for the time being, whether original successor or substitute.

ARTICLE X

RELEASE

10.0 Release of Lien.

The lien of this Deed of Trust shall be released at the expense of the Grantor upon payment in full of the Indebtedness and satisfaction and discharge of the Obligations.

ARTICLE XI

MISCELLANEOUS

11.1 Notices.

All notices, demands, requests and other communications pursuant to the provisions of the Note and this Deed of Trust shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the respective addresses as follows:

(a) If to the Grantor, then to:  **9008 Nesbit Ct , Montgomery Village, MD 20886**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0214, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0215, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

(b) If to the Beneficiary, then to: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

(c) If to the Trustee, then to them at: **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

Any of the parties may designate a change of address by notice in writing to the other parties. Whenever in this Deed of Trust the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person or persons entitled to receive such notice.

11.2 Severability.

In the event any one or more of the provisions of this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, or operates or would prospectively operate to invalidate this Deed of Trust, then and in either of those events, at the option of the Beneficiary, such provision or provisions only shall be held for naught and the remaining provisions of the Deed of Trust shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

11.3 Successors and Assigns.

(a) All of the grants, covenants, terms, provisions and conditions of the Note and this Deed of Trust shall run with and bind the Mortgaged Property and shall apply, bind and inure to the benefit of, the successors and assigns of the Grantor, the successors in trust of the Trustee, and all persons claiming under or through any of them.

(b) Notwithstanding anything to the contrary in this Deed of Trust, (i) there shall be no limitation or restriction on Beneficiary's ability to assign, pledge or otherwise transfer the Indebtedness or other Obligations, and (ii) Beneficiary may at any time assign all or a portion of the Indebtedness and other Obligations to one or more Persons (each a "Transferee") without providing notice to Grantor or obtaining Grantor's consent. Following any such assignment, (i) the Transferee thereunder shall be a party hereto and, have the same rights, benefits and obligations as the Beneficiary hereunder, and (ii) the assigning Beneficiary shall have no further rights hereunder with respect to the assigned portion of Indebtedness and other Obligations. Grantor hereby acknowledges and agrees that any such assignment will give rise to a direct obligation of Grantor to the Transferee and that the Transferee shall be considered to be a "Beneficiary" hereunder. Each Transferee shall have all of the rights, obligations and benefits with respect to the Indebtedness, Obligations, Note, Mortgaged Property and/or Loan Documents held by it as fully as if the original holder thereof. Agent (as hereinafter defined) may disclose to any

Rev 5.2016

Page **18** of 25

19117 N Kindly Ct, Montgomery Village, MD 20886

Transferee all information, reports, financial statements, certificates and documents obtained under any provision of any Loan Document.

(c) Any assignment pursuant to Section 11.3(b) above may be evidenced by a note, at the election of Beneficiary. Upon written notice from Beneficiary, Grantor shall promptly (and in any event within three (3) business days after any such request) execute and deliver to Agent any such documents as Beneficiary may require to confirm such assignment, evidence the Indebtedness, and/or to otherwise effectuate such assignment including, without limitation, original replacement notes in form and substance satisfactory to Agent and payable to the order of Beneficiary and/or a Transferee in an aggregate principal amount equal to the stated principal amount of the Loan.

(d) Beneficiary shall act as initial administrative noteholder for itself and any Transferee (together with any successor administrative noteholder, the "Agent"). Grantor acknowledges that Agent shall have the sole and exclusive authority to execute and perform this Deed of Trust and each Loan Document on behalf of the Beneficiary, subject to the terms of any co-lending agreement. Grantor shall rely conclusively on the actions of Agent to bind the Beneficiary, notwithstanding that the particular action in question may, pursuant to this Deed of Trust or any co-lending agreement be subject to the consent or direction of another Person. Beneficiary may resign or be replaced as Agent in accordance with the term of any co-lending agreement and upon such removal or resignation, a successor Agent shall be appointed in accordance with the terms of any co-lending agreement.

11.4 Modification - Waiver.

None of the terms or provisions of the Deed of Trust may be changed, waived, modified, discharged or terminated except by instrument in writing executed by the party or parties against which enforcement of the change, waiver, modification, discharge or termination is asserted.

11.5 Captions and Headings.

The captions and headings contained in this Deed of Trust are included herein for convenience of reference only and shall not be considered a part hereof and are not in any way intended to limit or enlarge the terms hereof.

11.6 Warranty.

The Grantor warrants generally the title to the Mortgaged Property.

11.7 Applicable Law.

This Deed of Trust shall be governed by and construed, interpreted and enforced in accordance with and pursuant to the laws of the jurisdiction in which the Mortgaged Property is located.

Rev 5.2016

Page **19** of **25**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0216, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 217**

19117 N Kindly Ct, Montgomery Village, MD 20886

11.8 Time of Essence.

Time shall be of the essence of each and every provision of this Deed of Trust of which time is an element.

11.9 Business Purpose.

Grantor warrants that the proceeds of the Note and any and all other secured Indebtedness shall be used exclusively for the acquisition or conduct of a business or commercial enterprise and that the loan evidenced by the Note is a "commercial loan."

11.10 Tenant Leases and Rents.

(a) Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases, rents, issues, income and profits from the Mortgaged Property (collectively, "Income"). Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to collect, not more than one month in advance, and as trustee for the benefit of Beneficiary, the Income. Grantor shall apply the Income so collected first to payment of any and all amounts due under the Loan Documents and second to the funding of any escrows required under the Loan Documents. Thereafter, so long as no Event of Default exists, Grantor may use the Income in any manner not inconsistent with its obligations under the Loan Documents. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(b) Grantor shall not enter into any Lease without the express written consent of Beneficiary. Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases. Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to operate and manage the Mortgaged Property under any and all Leases. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(c) Grantor shall enforce all terms and conditions of all Leases and shall not permit any default by a tenant thereunder to continue longer than necessary to pursue its remedies. Grantor shall perform all of its obligations under and in respect of all Leases. In the event of a default by tenant under a Lease, Grantor shall diligently exercise all rights and remedies available to Grantor therefor, including but not limited to termination, eviction and reletting.

(d) The foregoing subparagraphs (a), (b), and (c) shall not constitute, or be construed to be, Beneficiary's waiver of the requirement set forth herein and the other Loan Documents that the Mortgaged Property be and remain vacant and unoccupied during the

Rev 5.2016

Page **20** of 25

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0217, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 218**

19117 N Kindly Ct, Montgomery Village, MD 20886

term of the Note and so long as this Deed of Trust remains a lien upon the Mortgaged Property. Waiver of said requirement must be express and in writing separate and apart from foregoing subparagraphs (a), (b), and (c).

## 11.11 All Obligations.

This Deed of Trust is given to secure certain present and future Indebtedness and Obligations, including future advances, as provided in the Note. This Deed of Trust and the liens created hereby shall secure any and all Indebtedness and Obligations of Grantor to Beneficiary of every nature whatsoever, whether created heretofore or hereafter.

## 11.12 Assignment of Contracts

Grantor hereby irrevocably and unconditionally assigns its right, title, and interest in and to all contracts executed in connection with the Mortgaged Property and all contract rights arising therefrom. So long as no default or Event of Default exist under this Deed of Trust, the Note or any other Loan Documents, Beneficiary grants a license to Grantor to use the contracts and contract rights for the benefit of the Mortgaged Property. However, upon a default or Event of Default Deed of Trust, Grantor's license shall immediately and automatically be revoked, and Beneficiary, at its option, may assume the contracts; provided, however, Beneficiary shall not be liable for any amounts due under the contracts prior to the effective date of such assumption. Such assignment shall not impose upon Beneficiary any duty to assume or otherwise perform under such contracts.

## 11.13 Security Agreement.

For the purpose of securing the Indebtedness and Obligations, this Deed of Trust shall constitute a security agreement creating a security interest in (a) all Personal Property of Grantor included within or located on or to be delivered to the Mortgaged Property, including all such items of personal property hereafter acquired, and the proceeds thereof, and (b) all other Personal Property of Grantor relating in any way to the Indebtedness, Obligations, and/or the Loan Documents. Grantor hereby authorizes and agrees to execute and/or authorize such further agreements, instruments, financing statements, continuation statements, and other documents as may be necessary or appropriate to perfect and maintain the security interest herein granted to Beneficiary. Upon the occurrence of an Event of Default hereunder, Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code for the jurisdiction in which the Mortgaged Property is located, including, without limitation, the right to take immediate possession of any collateral. Any sale of such collateral may be held as a part of and in conjunction with a sale by Trustee of the Mortgaged Property.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0218, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

## ARTICLE XII

## STATUTORY PROVISIONS

12.1 Statutory Provisions.

This Deed of Trust is made under and pursuant to the provisions of the statutes and regulations of the jurisdiction in which the Mortgaged Property is located, as amended, and shall be construed to impose and confer upon the parties hereto and Beneficiary all the rights, duties, and obligations prescribed by said statutes and regulations, as amended, except as herein otherwise restricted, expanded, or changed.

**IN WITNESS WHEREOF**, the said Grantor has executed these presents on the year and day first above written.

**[Signature Page to Follow]**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0219, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

**BOOK: 65632 PAGE: 220**

19117 N Kindly Ct, Montgomery Village, MD 20886

**GRANTOR:**

**Exquisite Quarters LLC,**
a Maryland Limited Liability Company

*Hermanngbobia, Authorized* (SEAL)
By: Hermann Gbobia       *Signatory*
Its: Authorized Signatory

COUNTY OF _Montgomery_ ) SS:
STATE OF _Maryland_ )

    I hereby certify on this _19_ day of April, 2022, before me in the jurisdiction aforesaid, did personally appear Hermann Gbobia, known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

ANGELA RENEE ROBINSON
NOTARY PUBLIC STATE OF MARYLAND
Prince George's County
My Commission Expires April 5, 2023

NOTARY PUBLIC

My commission expires: _4/5/2023_

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0220, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

**EXHIBIT A**

**LEGAL DESCRIPTION**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0221, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

19117 N Kindly Ct, Montgomery Village, MD 20886

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0222, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, p. 0223, MSA_CE63_65589. Date available 04/26/2022. Printed 03/22/2023.

FILE No.: MD-47890

# EXHIBIT "A"

All that lot or parcel of ground situate in Montgomery County, State of Maryland, and described as follows:

BEING KNOWN AND DESIGNATED as Lot numbered Thirty-two (32) of Plat 39 in the subdivision known as "Stedwick-Phase 1, being a part of Section II-C, Montgomery Village" as per plat recorded in Plat Book 82, Plat No. 8525 among the Land Records of Montgomery County, Maryland.

The improvements thereon being known as 19117 North Kindly Court.

Being the same property conveyed to Carol Donovan and High Donovan by Deed dated September 23, 2004 and recorded November 12, 2004 in Book 28661 Page 208 in the Land Records of Montgomery County, Maryland. And said, Hugh Donovan departed this life on July 1, 2020, vesting title in Carol Donovan as surviving spouse.

Parcel ID: 09-00797654

Property Address: 19117 North Kindly Court, Montgomery Village, MD 20886

## State of Maryland Land Instrument Intake Sheet

☐ **Baltimore City** ☒ **County:** **Montgomery**

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.*
(Type or Print in Black Ink Only – All Copies Must Be Legible)

**1 Type(s) of Instruments** ( ) Check Box if addendum Intake Form is Attached.)

| | | | |
|---|---|---|---|
| ☒ Deed | ☐ Mortgage | ☐ Other | ☐ Other |
| ☒ Deed of Trust | ☐ Lease | | |

**2 Conveyance Type Check Box**

| | | | |
|---|---|---|---|
| ☒ Improved Sale Arms-Length *[1]* | ☐ Unimproved Sale Arms-Length *[2]* | ☐ Multiple Accounts Arms-Length *[3]* | ☐ Not an Arms-Length Sale *[9]* |

**3 Tax Exemptions (if applicable) Cite or Explain Authority**

| Recordation | |
|---|---|
| State Transfer | |
| County Transfer | |

**4 Consideration and Tax Calculations**

| Consideration Amount | | Finance Office Use Only Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ 301,100.00 | | |
| Any New Mortgage | $ 272,880.00 | Transfer Tax Consideration | $ |
| Balance of Existing Mortgage | $ | X ( )% = | $ |
| Other: | $ | Less Exemption Amount - | $ |
| | | Total Transfer Tax | $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 = | $ |
| Full Cash Value: | $ | TOTAL DUE | $ |

**5 Fees**

| Amount of Fees | Doc. 1 | Doc. 2 | Agent: |
|---|---|---|---|
| Recording Charge | $ 60.00 | $ 115.00 | |
| Surcharge | $ | $ | Tax Bill: |
| State Recordation Tax | $ 2,683.35 | $ | |
| State Transfer Tax | $ 1,505.50 | $ | C.B. Credit: |
| County Transfer Tax | $ 3,011.00 | $ | |
| Other | $ | $ | Ag. Tax/Other: |
| Other | $ | $ | |

**6 Description of Property**
SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| | 09-00797654 | 28661 , 208 | | | ☐ (8) |
| Subdivision Name | | | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |
| | | Lot (3a) 32 | | | | |

Location/Address of Property Being Conveyed (2)
19117 North Kindly Court, Montgomery Village, MD 20886

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|

Residential ☒ Or Non-Residential ☐ Fee Simple ☒ or Ground Rent ☐ Amount: $ _____
Partial Conveyance ☐ Yes ☒ No Description/Amt. of SqFt/Acreage Transferred:

If Partial Conveyance, List Improvements

**7 Transferred From**

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| Carol Donovan | Exquisite Quarters LLC |
| **Doc. 1 – Owner(s) of Record, if Different from Grantor(s)** | **Doc 2 Owner(s) of Record, if Different from Grantor(s)** |

**8 Transferred To**

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| Exquisite Quarters LLC | |
| **New Owner's (Grantee) Mailing Address** | |
| 20631 Highland Hall Drive, Gaithersburg, MD 20886 | |

**9 Other Names to Be Indexed**

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|
| | WCP Fund I, LLC |

**10 Contact/Mail Information**

| Instrument Submitted By or Contact Person | ☒ Return to Contact Person |
|---|---|
| Name: Theresa Chambers | |
| Firm Title Forward | ☐ Hold for Pickup |
| Address: 1628 John F Kennedy Boulevard, 8 Penn Center, Suite 700 | |
| Philadelphia, PA 19103 Phone: (267) 908-8999 | ☐ Return Address Provided |

**11 Assessment Information** IMPORTANT: *BOTH THE ORIGINAL DEED AND A PHOTOCOPY MUST ACCOMPANY EACH TRANSFER*

| ☐ Yes | ☒ No | Will the property being conveyed be the grantee's principal residence? |
|---|---|---|
| ☐ Yes | ☒ No | Does the transfer include personal property? If yes, identify: |
| ☐ Yes | ☒ No | Was property surveyed? If yes, attach copy of survey (if recorded, no copy required). |

Assessment use only – Do Not Write Below This Line

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | Assigned Property No.: | |

| Year | 20 20 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|
| Land | | Zoning | Grid | Plat | Lot |
| Buildings | | Use | Parcel | Section | Occ. Cd. |
| Total | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

Distribution: White – Clerk's Office Canary – SDAT AOC-CC-300(3/2007).
Pink – Office of Finance Goldenrod – Preparer

Space Reserved for Circuit Court Clerk Recording Validation

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) KAB 65632, 0224, MSA_CE63_65589. Data available 04/26/2022. Printed 03/22/2023.

File No.: MD-47890

**BOOK: 66848 PAGE: 425**

RECORDING REQUESTED BY:

Montgomery County Circuit Court
IMP FD SURE          $40.00
RECORDING FEE        $20.00

TOTAL                $60.00
KAB KM  Mar 28, 2023  11:28 am

Pacific RBLF Funding Trust
50 California St, Ste 1500
San Francisco, CA 94111

WHEN RECORDED RETURN TO:

WCP
8401 Greensboro Dr, Ste 960
McLean, VA

## ASSIGNMENT OF DEED OF TRUST

This ASSIGNMENT OF DEED OF TRUST ("Assignment") is made as of **04/25/2022** by WCP FUND I LLC, a Delaware limited liability company ("Assignor"), to **Pacific RBLF Funding Trust** a **Delaware Trust** ("Assignee").

FOR VALUE RECEIVED, Assignor hereby sells, grants, assigns, and transfers to Assignee any and all of its right, title and interest in and to that certain Deed of Trust, dated **04/19/2022**, made by **Exquisite Quarters LLC, a Maryland Limited Liability Company**, to **Russell S. Drazin, Trustee** for the benefit of Assignor ("Security Instrument"), and recorded on **04/21/2022**, in the land records of **Montgomery County, Maryland**, as **Deed Book 65632, Page Number 198** and as a lien on that certain real property and improvements thereon described on Exhibit A, attached hereto and made a part hereof.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under the foregoing Security Instrument.

*[Signature On Following Page]*

Property Address: 19117 N Kindly Ct, Montgomery Village, MD 20886

**BOOK: 66848  PAGE: 426**

IN WITNESS WHEREOF, this Assignment is made to be effective as of the date first above written.

ASSIGNOR:

WCP FUND I LLC,
a Delaware limited liability company

**Name:** Melissa Jones

**Title:** Post Closing Manager

**Signature:**

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

STATE OF VIRGINIA                    )

                                     )                    ss

COUNTY OF FAIRFAX                    )

                                     )

On _3/22/23_____, before me, _Michelle Denise Robinson_____, a Notary Public,
personally appeared _____Melissa Jones  Post Closing Manager____
(Insert name and title exactly as they appear on signature page)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Virginia that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public                              (Seal)

Property Address: 19117 N Kindly Ct, Montgomery Village, MD 20886

Exhibit A

All that lot or parcel of ground situate in Montgomery County, State of Maryland, and described as follows:

BEING KNOWN AND DESIGNATED as Lot numbered Thirty-two (32) of Plat 39 in the subdivision known as "Stedwick-Phase 1, being a part of Section II-C, Montgomery Village" as per plat recorded in Plat Book 82, Plat No. 8525 among the Land Records of Montgomery County, Maryland.

The improvements thereon being known as 19117 North Kindly Court.

Being the same property conveyed to Carol Donovan and High Donovan by Deed dated September 23, 2004 and recorded November 12, 2004 in Book 28661 Page 208 in the Land Records of Montgomery County, Maryland. And said, Hugh Donovan departed this life on July 1, 2020, vesting title in Carol Donovan as surviving spouse.

Parcel ID: 09-00797654

Property Address: 19117 North Kindly Court, Montgomery Village, MD 20886

Property Address: 19117 N Kindly Ct, Montgomery Village, MD 20886

# FORBEARANCE AGREEMENT

19117 N. Kindly Court
Montgomery Village, MD 20886

WCP Loan No. 006639

**THIS FORBEARANCE AGREEMENT** (this "Agreement") is made as of the 14th day of November, 2023 (the "Effective Date") by and between **WCP FUND I LLC** ("Original Lender"), a Delaware limited liability company, and **PACIFIC RBLF FUNDING TRUST** ("Lender"), a Delaware trust, acting by and through its servicer, Original Lender, on the one hand, and **EXQUISITE QUARTERS LLC** ("Borrower"), a Maryland limited liability company, on the other hand.

Original Lender, Lender, and Borrower are sometimes hereinafter referred to collectively as the "Parties," and any of them individually as a "Party."

Lender Parties are sometimes hereinafter referred to collectively as the "Lender Parties," and either of them individually as a "Lender Party."

## R E C I T A L S

A.  Borrower is the maker of a Commercial Deed of Trust Note (the "Note") dated April 19, 2022 in the principal amount of $272,880.00 payable to the order of Original Lender.

B.  Pursuant to a Deed of Trust (the "Deed of Trust") dated April 19, 2022 and recorded on April 21, 2022 in Book 65632 at Page 198, Borrower, as grantor, conveyed unto to Russell S. Drazin, as trustee, for the benefit of Original Lender, as beneficiary, the real property described therein (the "Property") to secure repayment of the Note.

C.  The Note, the Deed of Trust, and all other documents evidencing or securing the indebtedness secured by the Deed of Trust (the "Loan") shall be hereinafter referred to collectively as the "Loan Documents."

D.  Lender is the current holder of the Note and the current owner of the Loan Documents.

E.  The Loan Documents are valid and enforceable in accordance with their terms.

F.  As of October 2, 2022, Borrower defaulted under the Loan by failing to make a monthly installment payment due no later than October 1, 2022 (the "Default").

G.  As a result of the Default, Lender accelerated the Loan.

H.  Borrower has no defense to the Default.

I.   Lender Parties are not in breach of the Loan Documents.

J.   The calculation of the Loan as set forth on **Exhibit A** attached hereto is true and correct.

K.   A foreclosure sale (the "<u>Foreclosure Sale</u>") of the Property is scheduled for the Effective Date at 2:00 PM.

## T E R M S

**NOW**, **THEREFORE**, in consideration of the mutual undertakings herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree as follows:

1.   The foregoing recitals are incorporated herein by reference.

2.   Borrower represents and warrants to Lender Parties that the foregoing recitals are true and correct.

3.   With respect to all of the obligations of Borrower to Lender Parties under this Agreement, **TIME IS OF THE ESSENCE**.

4.   No later than 12:00 PM on the Effective Date, Borrower shall pay **$35,000.00** to Lender Parties by wire transfer of immediately available funds. The $35,000.00 shall be applied as follows:

$20,000.00 (the "<u>Forbearance Fee</u>") of the $35,000.00 shall not be applied against the Loan; instead, the Forbearance Fee shall be payable to Lender Parties in consideration of Lender Parties entering into this Agreement. Under no circumstances shall the Forbearance Fee be refundable.

$15,000.00 (the "<u>Loan Payment</u>") of the $35,000.00 shall be applied against the Loan in accordance with the Loan Documents. Under no circumstances shall the Loan Payment be refundable.

5.   If and only if Lender Parties timely and actually receive the Forbearance Fee and the Loan Payment, and provided that Borrower is not otherwise in breach of this Agreement, then and only then Lender shall cancel the Foreclosure Sale.

6.   From the Effective Date and continuing until the earlier of (a) 3:00 PM on December 29, 2023 or (b) a Borrower's breach of this Agreement (the "<u>Forbearance Period</u>"), Lender Parties shall forbear from causing the Property to be sold at public auction pursuant to the power of sale in the Deed of Trust. The Loan is <u>not</u> decelerated or reinstated. Lender Parties do not waive any amounts due and payable under the Loan Documents accruing or incurred before or after the Effective Date.

7.     During the Forbearance Period, but only during the Forbearance Period, Lender shall accept as payment in full of the Loan the total amount then due and owing under the Loan Documents *less and except* the $27,288.00 default penalty.

8.     During the Forbearance Period, if any default and/or Event of Default under the Loan Documents has occurred prior to the Effective Date or occurs on or after the Effective Date, excluding the Default, such other default and/or Event of Default under the Loan Documents shall constitute a breach by Borrower of this Agreement such that the Forbearance Period shall immediately end.

9.     Borrower covenants that it shall take no action and shall assert no defense to challenge, stop, delay, or otherwise interfere with the enforcement of the Loan Documents after the Forbearance Period.

10.    Borrower and its respective attorneys, administrators, predecessors, successors, assigns, officers, directors, shareholders, members, affiliates, subsidiaries, parent companies, employees (present and former), representatives, and agents hereby forever and irrevocably release, waive, remise, discharge, and acquit Lender Parties and their respective attorneys, predecessors, successors, assigns, employees (present and former), representatives, and agents from any and all claims, actions, causes of action, demands, rights, damages, liabilities, and costs of whatsoever kind or nature, whether at law, in equity or mixed, state or federal, known or unknown that they had or may have had, now have or may now have, and in the future have or in the future may have, from the beginning of time through and including the Effective Date, in connection with the Property, the Loan, and the Loan Documents.

11.    Any bankruptcy petition (voluntary or involuntary) filed by or against Borrower shall constitute a breach of this Agreement.

12.    Borrower shall not disparage the Lender Parties or otherwise take any action which could reasonably be expected to adversely affect their respective reputations. In the event Borrower breaches any component of this paragraph at any time, Borrower acknowledges and agrees that it would be impractical or extremely difficult to ascertain the amount of actual damages to Lender Parties. For this reason, Borrower agrees that any breach of this paragraph shall result in the imposition of liquidated damages, and not as a penalty, in the amount of $50,000.00 per each occurrence, to be paid by Borrower to Lender Parties, which represents the reasonable compensation for the loss incurred because of the breach. In addition to money damages, Borrower agrees that Lender Parties shall be entitled to injunctive relief to enjoin any actual or threatened breach of any component of this paragraph at any time, and that Lender Parties shall not be required to post bond.

13.    Borrower shall treat this Agreement and the subject-matter of this Agreement as confidential and shall not disclose this Agreement and/or the subject-matter of this Agreement to any non-party except as follows: (a) to its insurers, attorneys, administrators, personal representatives, heirs, successors, assigns, officers, directors, shareholders, members, affiliates, subsidiaries, parent companies, employees (present and former), representatives, and agents;

3

(b) as is reasonably necessary to effectuate this Agreement; and (c) as is authorized or required by law.

14.     This Agreement and all covenants and agreements contained herein shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

15.     This Agreement may be executed in counterparts. Signed copies of this Agreement shall be deemed to be an original.

16.     This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the Agreement to be drafted.

17.     Borrower shall sign such further and other documents, do and perform, and cause to be done and performed, such further and other acts and things as may be necessary or desirable in order to give full effect to this Agreement and every part thereof.

18.     This Agreement contains the entire understanding of the Parties with respect to the subject-matter of this Agreement, and there are no other agreements or understandings between the Parties. There have been no representations or warranties, expressed or implied, as to the subject-matter of this Agreement.

19.     This Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland.

20.     The waiver by Lender Parties of any breach of any provision of this Agreement shall not constitute or operate as a waiver of any other breach of such provision or of any other provision hereof, nor shall any failure by Lender Parties to enforce any provision hereof operate as a waiver at such time or at any future time of such provision or of any other provision hereof.

21.     The Parties declare that they fully understand the facts and all of their respective legal rights and liabilities; that they have been afforded the opportunity to review this Agreement with counsel of their choice; that they believe this Agreement to be fair, just, and reasonable; and that they sign this Agreement freely and voluntarily.

22.     Should any portion, or portions, of this Agreement be found or declared unenforceable or void by any court or competent tribunal for any reason, the remaining portions shall be severable, and fully enforceable as if no such finding of unenforceability had issued.

23.     Should Borrower breach this Agreement, Lender Parties shall be entitled to collect their respective legal fees and costs incurred in connection therewith.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed under seal.

*[SIGNATURE PAGES FOLLOW]*

**WCP FUND I LLC,**
a Delaware limited liability company

*Araujo*

_____(SEAL)
By:    Christina Araujo
Its:    Vice President of Finance


**PACIFIC RBLF FUNDING TRUST,**
a Delaware trust


By:    **WCP FUND I LLC,**
       a Delaware limited liability company
Its:    Servicer

*Araujo*

_____(SEAL)
By:    Christina Araujo
Its:    Vice President of Finance

5

**EXQUISITE QUARTERS LLC**,
a Maryland limited liability company

*hermanngbobia*
_____(SEAL)
By:     Hermann Gbobia
Its:     Authorized Representative

6

**Exhibit A**

**Payoff Amount as of 11/14/2023**

| | |
|---|---|
| $272,880.00 | unpaid principal balance |
| $11,812.56 | non-default interest @ 11.00% on $232,880.00 from 04/19/2022-10/01/2022 (166 days) ($71.16 per diem) |
| $483.12 | non-default interest @ 11.00% on $12,963.30 from 06/02/2022-10/01/2022 (122 days) ($3.96 per diem) |
| $565.44 | non-default interest @ 11.00% on $19,278.20 from 06/28/2022-10/01/2022 (96 days) ($5.89 per diem) |
| $135.24 | non-default interest @ 11.00% on $6,417.70 from 07/25/2022-10/01/2022 (69 days) ($1.96 per diem) |
| $74,041.27 | default interest @ 24.00% on $271,539.20 from 10/02/2022-11/14/2023 (409 days) ($181.03 per diem) |
| $27,288.00 | default penalty |
| $9,258.48 | legal fees and costs [estimated] |
| ($1,340.80) | unreleased construction holdback |
| ($19,904.16) | payments received |
| **$374,653.71** | **Total as of 11/14/2023** |

# Forbearance Agreement 19117 N. Kindly Court (00000002)

**Final Audit Report** 2023-11-14

| | |
|---|---|
| Created: | 2023-11-14 |
| By: | Russell Drazin (rdrazin@pardodrazin.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdUKSI4AIOEQtf8Em_ZFMI_QRJQHNMcFc |

## "Forbearance Agreement  19117 N. Kindly Court (00000002)" History

📄 Document created by Russell Drazin (rdrazin@pardodrazin.com)
2023-11-14 - 5:44:11 PM GMT- IP address: 100.15.172.114

📧 Document emailed to Christina Araujo (christina@wcp.team) for signature
2023-11-14 - 5:44:48 PM GMT

📄 Email viewed by Christina Araujo (christina@wcp.team)
2023-11-14 - 5:45:11 PM GMT- IP address: 208.118.182.130

✍️ Document e-signed by Christina Araujo (christina@wcp.team)
Signature Date: 2023-11-14 - 5:45:22 PM GMT - Time Source: server- IP address: 208.118.182.130

✅ Agreement completed.
2023-11-14 - 5:45:22 PM GMT

**Adobe** Acrobat Sign




## Payoff Statement

07/25/2024

Exquisite Quarters LLC
9008 Nesbit Ct
Montgomery Village, MD 20886

**Property Address: 19117 N Kindly Ct, Montgomery Village, MD 20886**

Amount Due: $414,385.26 as of 7/25/2024.

| | |
|---|---:|
| Loan Principal: | $272,880.00 |
| Interest Due (as of payoff date): | $134,552.58 |
| Interest Paid: | ($42,961.76) |
| Unpaid Late Fees: | $0.00 |
| Construction Draw Balance: | ($1,340.80) |
| Payoff Fees: | $350.00 |
| Default Penalty: | $27,288.00 |
| Legal & Insurance Fees: | $23,617.24 |
| Pre-Paid Interest Balance: | ($0.00) |
| **Amount Due:** | **$414,385.26** |

**Payoff good through 7/25/2024. Per diem $181.92.**

**YOU MUST COLLECT ALL FEES AND COSTS ASSOCIATED WITH RECORDING THE
CERTIFICATE OF SATISFACTION ON THE HUD-1. ONCE THE CERTIFICATE OF SATISFACTION
HAS BEEN RECORDED BY YOUR OFFICE, PLEASE EMAIL US A COPY FOR OUR RECORDS AT
servicing@wcp.team.**

| Payable to: | WCP Servicing LLC | Bank Name: United Bank |
|---|---|---|
| | 8401 Greensboro Dr Suite 960 | Routing Number: |
| | McLean, VA 22102 | Account Number: |

When sending the wire please reference our loan number, LOAN-006639 and
borrower Exquisite Quarters LLC.

Sincerely,

Christina Araujo