IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-16212-LSS |
| | ) | (Chapter 11) |
| Exquisite Quarters, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Exquisite Quarters, LLC | ) | |
| | ) | |
| Respondent. | ) | |

**STATEMENT OF POSITION ON MOTION TO CONVERT CASE
TO CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to the Order and Notice of a Hearing on Motion to Convert Case to Chapter 7, or in the Alternative, to Dismiss Case (the "Hearing Notice," as found at DE #28) and the underlying Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case (the "Motion to Convert or Dismiss," as found at DE #26) filed by the United States Trustee (the "U.S. Trustee") and states as follows:

WCP does not generally take a position on the Motion to Convert or Dismiss, other than to observe that (i) the U.S. Trustee appears to set forth the existence of cause under Section 1112 of Title 11 of the United States Code; and (ii) this is the second consecutive chapter 11 case filed by Exquisite Quarters, LLC (the "Debtor") in which the Debtor appears to have taken no discernably

1

meaningful actions to genuinely endeavor to reorganize. However, if the Motion to Convert or Dismiss is to be granted, WCP urges that the former variety of relief be afforded in lieu of the latter variety of relief.

Title 11 of the United States Code provides, in determining whether to convert or dismiss a case, a bankruptcy court should do that which "is in the best interests of creditors and the estate. . ." 11 U.S.C. § 1112(b)(1). A leading treatise suggests that, when electing between conversion and dismissal, ". . . if all of the parties agree on one course of action, the court should accommodate their desire." 7 Collier on Bankruptcy P 1112.04. The same treatise goes on to note that, amongst the varying concerns to be examined when there is a tension between dismissal and conversion, is "whether the debtor would simply file a further case upon dismissal. . ." *Id.* (citing *In re Staff Inv. Co.*, 146 B.R. 256, 260–62 (Bankr. E.D. Cal. 1992)).

WCP appears to be the only significant creditor in this case and, through this filing, wishes to express a strong preference for conversion. Such a preference is rooted in the foregoing concern spoken to by Collier and the *Staff Inv*. Court: dismissal could beget a third serial filing. This is a debtor that (i) twice sought bankruptcy protection so as to stave off a foreclosure; (ii) took few steps to advance its case during either stay in chapter 11; (iii) did not so much as oppose WCP's motion for stay relief in this case; and (iv) as of the filing of this brief, has not opposed the Motion to Convert or Dismiss (though, admittedly, approximately four hours remain before passage of the deadline for so doing). There is thusly a very real concern that a dismissal of this case could invite a repeat filing, prejudicing WCP and only further protracting the saga of a dilatory debtor obligated on a loan that long-ago matured without payment.

For this reason, WCP favors conversion of the case if the Motion to Convert or Dismiss is to be granted. Alternatively, WCP would also favor dismissal if—and only if—such were

accompanied by an order barring the Debtor from again seeking bankruptcy relief for a period of one year.

                                                      Respectfully submitted,

Dated: December 23, 2024                     By: /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig, Esq.
                                                        Bar No. 18071
                                                        The VerStandig Law Firm, LLC
                                                        1452 W. Horizon Ridge Pkwy, #665
                                                        Henderson, Nevada 89012
                                                        Phone: (301) 444-4600
                                                        Facsimile: (301) 444-4600
                                                        mac@mbvesq.com
                                                        *Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Linda M. Dorney    ldorney@rosenblattlaw.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- Richard B. Rosenblatt    rrosenblatt@rosenblattlaw.com, ldorney@rosenblattlaw.com;sgonzalez@rosenblattlaw.com;wilbertrr41309@notify.bestcase.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                         /s/ Maurice B. VerStandig
                                                         Maurice B. VerStandig, Esq.